Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
Mordechai Wolowitsch (SBN 324413)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
mwolowitsch@toddflaw.com
*Attorneys for Plaintiff*

*Attorneys for Plaintiff, JAMES ANDREWS*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFONRIA
EASTERN DIVISION

| | |
|---|---|
| JAMES ANDREWS, individually, and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     vs.<br><br>THE PROCTER & GAMBLE COMPANY, and DOES 1-10 Inclusive,<br><br>             Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq*.),<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.).<br><br>**Jury Trial Demanded** |

1  Plaintiff JAMES ANDREWS ("Plaintiff"), individually and on behalf of all
2  others similarly situated, alleges as follows:

3  **NATURE OF THE ACTION**

4  1.  Plaintiff brings this class action Complaint against Defendant THE
5  PROCTER & GAMBLE COMPANY (hereinafter "Defendant") to stop
6  Defendant's practice of falsely advertising and selling dental floss without
7  excessive amounts of toxins, specifically per- and polyfluoroalkyl substances
8  (PFASs) and to obtain redress for a class of consumers ("Class Members") who
9  were misled, within the applicable statute of limitations period, by Defendant.

10  2.  Defendant advertised to consumers that their dental floss products,
11  specifically the "Oral-B Glide," did not contain excessive amounts of PFASs ("the
12  Class Products"), a particular toxin that through continuous exposure may be
13  linked to various medical ailments and adverse conditions.

14  3.  The amount of PFASs in a particular brand of dental floss is of
15  particular value to consumer because they influence the consumer's decision of
16  whether to buy the product or not. This is particularly true for dental floss which
17  is critical to proper oral and dental health.

18  4.  Plaintiff and other consumers similarly situated were exposed to these
19  advertisements through print and digital media.

20  5.  Defendant misrepresented and falsely advertised and represented to
21  Plaintiff and others similarly situated by failing to disclose in either its
22  advertisements that Defendant dental floss products has an excessive amount of
23  PFASs that can cause harmful effects to the human body.

24  6.  Defendant's misrepresentations to Plaintiff and others similarly
25  situated induced them to purchase Defendant's Class Products.

26  7.  Defendant took advantage of Plaintiff and similarly situated
27  consumers unfairly and unlawfully.

28

CLASS ACTION COMPLAINT

1

## JURISDICTION AND VENUE

2   8.    This Court has jurisdiction over this matter pursuant to the Class

3   Action Fairness Act (CAFA) because the matter in controversy in this matter

4   exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive

5   of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

6   9.    This Court also has diversity jurisdiction over this matter pursuant to

7   28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California

8   while Defendant is a corporation incorporated under the laws of the State of Ohio.

9   10.    This Court has personal jurisdiction over Defendant, THE PROCTER

10   & GAMBLE COMPANY, because Defendant conducts business in the County of

11   Riverside, State of California. Therefore, Defendant has sufficient minimum

12   contacts with this state, and otherwise purposely avails itself of the markets in this

13   state through the promotion, sale, and marketing of its products in this state, to

14   render the exercise of jurisdiction by this Court permissible under traditional

15   notions of fair play and substantial justice.

16   11.    This Venue is proper in the United States District Court for the

17   Eastern District of California pursuant to 28 U.S.C. § 1391 for the following

18   reasons: (i) Plaintiff resides in the County of Fresno State of California which is

19   within this judicial district; (ii) the conduct complained of herein occurred within

20   this judicial district; and, (iii) many of the acts and transactions giving rise to this

21   action occurred in this district because Defendant:

22   a. is authorized to conduct business in this district and has

23   intentionally availed itself of the laws and markets within this

24   district;

25   b. does substantial business within this district;

26   c. is subject to personal jurisdiction in this district because it has

27   availed itself of the laws and markets within this district; and,

28

CLASS ACTION COMPLAINT

d.  the harm to Plaintiff occurred within this district.

## THE PARTIES

12.    Plaintiff JAMES ANDREWS is a citizen and resident of the State of California, County of Riverside.

13.    Defendant THE PROCTER & GAMBLE COMPANY is a corporation that does business in California, including Riverside County that is incorporated in Ohio and headquartered in Ohio.

14.    Plaintiff alleges, on information and belief, that Defendant's marketing campaign, as pertains to this matter, was created by Defendant and was disseminated throughout California.

15.    Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products, specifically the dental floss "Oral-B Glide," are governed by the controlling law in the state in which they do business and from which the sales of products, and the allegedly unlawful acts occurred, which is California.

16.    The true names and capacities of the Defendants sued herein as Does 1-10 inclusive are currently unknown to Plaintiffs, who therein sued Defendants by such fictitious names. Each of the Defendant's designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend the Complaint to reflect the true names and capacities of the Doe defendants when such identities become known.

17.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official

policy of Defendant.

18.    Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

19.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

20.    Prior to or around, and including, January 2019, Plaintiff frequently purchased from Defendant dental floss, specifically the Oral-B Glide product ("Oral-B Glide"), for the purpose of maintaining proper dental hygiene.

21.    Defendant advertises that the Oral-B Glide is safe for the use of maintaining the health of a consumer's dental hygiene, and does not contain excessive amounts of PFASs that will cause adverse effects to the consumer.

22.    Plaintiff purchased the Oral-B Glide dental floss from Defendant in reliance on the aforementioned representations, namely that it did not contain an excessive amount of PFASs.

23.    In or around January 2019, a study published in the Journal of Exposure Science and Environmental Epidemiology[1] presented findings that products such as Defendant's Oral-B Glide dental floss have an excessive amount of PFASs.

24.    The study presented evidence that excessive amounts of PFASs in products, such as dental floss, with constant exposure can be detrimental to a person's health.

---

[1] https://www.nature.com/articles/s41370-018-0109-y

CLASS ACTION COMPLAINT

25.    Defendant does not inform consumers, including Plaintiff, that their Oral-B Glide dental floss did have an excessive amount of PFASs. In short, Plaintiff could have only learned of the excessive amount of PFASs in the Oral-B dental floss following its revelation in the study published in the Journal of Exposure Science and Environmental Epidemiology.

26.    Defendant's knowledge of the fact that Plaintiff and similarly situated consumers were exposed to this toxin is demonstrated by the fact that Plaintiff, and others similarly situated, purchased the Oral-B Glide dental floss continuously prior to the published findings of the study.

27.    Defendant omitted from its advertisements that consumers who utilize the Oral-B Glide dental floss will be exposed to excessive amounts of PFASs.

28.    Plaintiff had no reasonable way of knowing that he is purchasing a product will excessive amounts of toxins, for which he used to clean his teeth, since Plaintiff had no reasonable opportunity to find out that Defendant sold their product with excessive amounts of PFASs included in it.

29.    Defendant was aware that Plaintiff could not have reasonably known that the Oral-B Glide dental floss would contain excessive amounts of PFASs.

30.    Had Plaintiff known that Defendant's Oral-B Glide dental floss would include excessive amounts of PFASs, Plaintiff would not have purchased the dental floss from Defendant, rather, Plaintiff would have considered purchasing a different brand of dental floss from a retailer.

31.    Plaintiff was significantly upset with the revelation that using the Oral-B Glide dental floss exposed him to excessive amounts of PFASs toxins.

32.    Such sales tactics employed on Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

33.    Plaintiff is informed, believes, and thereupon alleges that such

CLASS ACTION COMPLAINT

representations were part of a common scheme to mislead consumers and incentivize them to purchase products from Defendant.

34.    Plaintiff reasonably believed and relied upon Defendant's representations in its advertisement.

35.    Plaintiff materially changed his position in reliance on Defendant's representations and was harmed thereby.

36.    Plaintiff would not have purchased the Oral-B Glide dental floss or any similarly advertised product had Defendant disclosed that it contained an excessive amount of PFASs toxins.

37.    Had Defendant properly marketed, advertised, and represented that the Oral-B Glide dental floss contained an excessive amount of PFASs toxins in its advertisements, Plaintiff would not have purchased the Oral-B Glide dental floss or any similarly advertised product.

38.    Defendant benefited from falsely advertising and representing the contents of its products. Defendant benefited on falsely advertising its products to Plaintiff and provided nothing of benefit to Plaintiff in exchange, rather exposed Plaintiff to harmful substances that can cause damage to various parts of the human body.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

40.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Class Products, namely its Oral-B Glide dental floss, for which contains an excessive amount of PFASs toxins, than represented to consumers.

41.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

42.    Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

43.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

44.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

45.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

46.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would provide Oral-B Glide dental floss without an excessive amount of toxins to the Class Members, when in fact, such representations were false.

47.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in advertising its products to Plaintiff and other Class Members with no intention of honoring them;
>
> (b)    Whether Defendant made misrepresentations with respect to its products;
>
> (c)    Whether Defendant profited from this advertisement;
>
> (d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. California Bus. & Prof. Code § 17500, *et seq*., California Civ. Code § 1750, *et seq*.. California Civ. Code §

CLASS ACTION COMPLAINT

1     1790, *et seq.*, and 15 U.S.C. § 2310, *et seq.*;

2     (e)    Whether Plaintiff and Class Members are entitled to equitable

3            and/or injunctive relief;

4     (f)    Whether Defendant's unlawful, unfair, and/or deceptive

5            practices harmed Plaintiff and Class Members; and

6     (g)    The method of calculation and extent of damages for Plaintiff

7            and Class Members.

8     48.    Plaintiff is a member of the class he seeks to represent

9     49.    The claims of Plaintiff are not only typical of all class members, they

10    are identical.

11    50.    All claims of Plaintiff and the class are based on the exact same legal

12    theories.

13    51.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

14    52.    Plaintiff is qualified to, and will, fairly and adequately protect the

15    interests of each Class Member, because Plaintiff was induced by Defendant's

16    advertisement during the Class Period.    Defendant's unlawful, unfair and/or

17    fraudulent actions concerns the same business practices described herein

18    irrespective of where they occurred or were experienced.    Plaintiff's claims are

19    typical of all Class Members as demonstrated herein.

20    53.    Plaintiff will thoroughly and adequately protect the interests of the

21    class, having retained qualified and competent legal counsel to represent himself

22    and the class.

23    54.    Common questions will predominate, and there will be no unusual

24    manageability issues.

25

26

27

28

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

55.    Plaintiff incorporates by reference each allegation set forth above.

56.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

57.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

58.    Defendant misled consumers by making misrepresentations and untrue statements about its dental floss, namely, Defendant made consumers believe that Defendant sold Oral-B Glide dental floss without excessive amounts of PFASs toxins even though this was not the case.

59.    Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

60.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendant's representations regarding the amount of PFASs in the Oral-B Glide dental floss.  In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased Class Products

from Defendant believing that the Oral-B Glide dental floss did not contain an excessive amounts of PFASs. However, Defendant did not inform Class Members that consumers of the Oral-B dental floss did contain an excessive amount of PFASs.

61.    Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

62.    Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees.

63.    Defendant knew that they would not provide Plaintiff and Class Members with the products as they are advertised.

64.    Thus, Defendant knowingly lied to Plaintiff and other putative class members in order to induce them to purchase the Class Products from Defendant.

65.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

CLASS ACTION COMPLAINT

1

## SECOND CAUSE OF ACTION

2

### Violation of Unfair Competition Law

3

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

4

66.    Plaintiff incorporates by reference each allegation set forth above.

5

67.    Actions for relief under the unfair competition law may be based on

6

any business act or practice that is within the broad definition of the UCL.  Such

7

violations of the UCL occur as a result of unlawful, unfair or fraudulent business

8

acts and practices.    A plaintiff is required to provide evidence of a causal

9

connection between a defendant's business practices and the alleged harm--that is,

10

evidence that the defendant's conduct caused or was likely to cause substantial

11

injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct

12

created a risk of harm.    Furthermore, the "act or practice" aspect of the statutory

13

definition of unfair competition covers any single act of misconduct, as well as

14

ongoing misconduct.

15

### UNFAIR

16

68.    California Business & Professions Code § 17200 prohibits any

17

"unfair ... business act or practice."    Defendant's acts, omissions,

18

misrepresentations, and practices as alleged herein also constitute "unfair"

19

business acts and practices within the meaning of the UCL in that its conduct is

20

substantially injurious to consumers, offends public policy, and is immoral,

21

unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

22

any alleged benefits attributable to such conduct.  There were reasonably available

23

alternatives to further Defendant's legitimate business interests, other than the

24

conduct described herein.  Plaintiff reserves the right to allege further conduct

25

which constitutes other unfair business acts or practices.  Such conduct is ongoing

26

and continues to this date.

27

69.    In order to satisfy the "unfair" prong of the UCL, a consumer must

28

show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

70.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

71.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant's Oral-B Glide dental floss did not contain an excessive amount of PFASs.  In fact, Defendant knew that they had no intention of providing the advertised products and thus unfairly profited.  Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

72.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the Class Products, consumers changed their position by purchasing the Class Products, thus causing them to suffer injury in fact.  Defendant failed to take reasonable steps to inform Plaintiff and class members that the advertisement was false.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

73.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

74.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

75.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

76.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Defendant did not provide Plaintiff with Oral-B Glide dental floss without excessive amounts of PFASs.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

77.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the availability of the warranty Defendant sold.

78.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

79.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

80.     As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing warranties.

81.     Defendant used false advertising, marketing, and misrepresentations

to induce Plaintiff and Class Members to purchase Class Products from Defendant, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed, or misrepresented the Oral-B Glide dental floss, Plaintiff and Class Members would not have purchased the Class Products from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

82.    These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

83.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

84.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## PRAYER FOR RELIEF

85.    Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)    An order certifying the undersigned counsel as Class Counsel;

(c)    An order requiring Defendant, at its own cost, to notify all

CLASS ACTION COMPLAINT

Class Members of the unlawful and deceptive conduct herein;

(d)    An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e)    Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendant under false pretenses;

(f)    Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)    Any and all statutory enhanced damages;

(h)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)    Pre- and post-judgment interest; and

(j)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

**REQUEST FOR JURY TRIAL**

86.    Plaintiff requests a trial by jury as to all claims so triable.

Dated:  January 11, 2019         Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s/Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff JAMES ANDREWS