Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Helen H. Yang (State Bar # 241170)
helen.yang@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone:   +1 213 624 2500
Facsimile:    +1 213 623 4581

Attorneys for Defendant
The Procter & Gamble Company

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREWS, on Behalf of Himself and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>THE PROCTER & GAMBLE COMPANY, et al.,<br><br>            Defendants. | Case No. 5:19-CV-00075-AG-SHK<br><br>**DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (DOC. 12)**<br><br>Hearing Date: June 3, 2019<br>Time:       10:00 a.m.<br>Courtroom:  10D<br><br>Judge:      Andrew J. Guilford |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2019 at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Andrew J. Guilford, in Courtroom 10D of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant The Procter & Gamble Company ("P&G") will move and hereby does move the Court for an order dismissing, with prejudice, all claims against P&G in this action pursuant to Fed.R.Civ.P. 8(a), 9(b), and 12(b)(6) because the First Amended Complaint fails to plead with the requisite degree of particularity a claim upon which relief can be granted and fails to state a claim on which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Adam R. Fox and the exhibit thereto, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion.

Pursuant to L.R. 7-3, this Motion is made following the conference of counsel, which took place on April 8, 2019. The parties were unable to reach a resolution regarding the propriety of Plaintiff's claim, giving rise to this Motion.

Dated:        April 18, 2019                Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP


By: /s/ *Adam R. Fox*
    Adam R. Fox
    Helen H. Yang

Attorneys for Defendant
THE PROCTER & GAMBLE
COMPANY

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.      INTRODUCTION ................................................................................ 1

II.     STATEMENT OF FACTS ................................................................... 3

III.    LEGAL STANDARDS ....................................................................... 4

IV.     ARGUMENT ....................................................................................... 6

        A.     Andrews's Claims Are Implausible and Contradicted by
               the Study Itself ....................................................................... 6

               1.     The Study Made No Finding That Glide Contains
                      PFAS ............................................................................. 7

               2.     The Study Did Not Confirm Glide as a PFAS
                      Exposure Source ........................................................... 7

               3.     The Study Makes No Assertions About Accuracy
                      in Advertising ............................................................... 8

        B.     Andrews's Claims Are Implausible Regarding P&G's
               Alleged Knowledge .................................................................. 9

        C.     Andrews's Claims Rely on an Absent Duty to Disclose .......... 11

        D.     Andrews's FAL Claim Fails Because It Is Based on an
               Omission ................................................................................ 12

        E.     Andrews's Claims Separately Fail to Satisfy
               Fed.R.Civ.P.9(b) ................................................................... 13

V.      CONCLUSION ................................................................................ 14

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

1

**TABLE OF AUTHORITIES**

*Abramson v. Marriott Ownership Resorts, Inc.*,
  155 F. Supp. 3d 1056 (C.D. Cal. 2016) ........................................ 2, 6, 13

*In re Accutane Prods. Liab.*,
  511 F. Supp. 2d 1288 (M.D. Fla. 2007) .............................................. 8

*Asghari v. Volkswagen Grp. of Am., Inc.*,
  42 F. Supp. 3d 1306 (C.D. Cal. 2013)................................................ 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................ 5

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988)............................................................... 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................ 5

*Bererra v. Coca-Cola Co.*,
  No. C 17-05916 WHA, 2018 U.S. Dist. LEXIS 31870, 2018 WL
  1070823 (N.D. Cal. Feb. 27, 2018) .................................................... 9

*Browning v. Unilever United States, Inc.*,
  No. SACV 16-02210 AG (KESx), 2018 U.S. Dist. LEXIS 213841,
  2018 WL 6615064 (C.D. Cal. Dec. 10, 2018) ............................... 11, 12

*In re Countrywide Fin. Corp. Sec. Litig.*,
  588 F. Supp. 2d 1132 (C.D. Cal. 2008)............................................... 6

*Dana v. Hershey Co.*,
  180 F. Supp. 3d 652 (N.D. Cal. 2016)........................................... 12, 13

*Eckler v. Wal-Mart Stores, Inc.*,
  No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132 (S.D.
  Cal. Nov. 1, 2012) ..................................................................... 6, 7, 9

*Gold v. Lumber Liquidators, Inc.*,
  No. 14-cv-05373-THE, 2015 U.S. Dist. LEXIS 165264 (N.D. Cal.
  Nov. 30, 2015) ................................................................................... 9

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- i -

*Hartman v. Gilead Scis., Inc.*,
    536 F.3d 1049 (9th Cir. 2008) ................................................................... 5

*Hodson v. Mars, Inc.*,
    162 F. Supp. 3d 1016 (N.D. Cal. 2016) ................................................... 13

*Hodson v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) ................................................................... 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................ 6, 13

*Kowalsky v. Hewlett-Packard Co.*,
    771 F. Supp. 2d 1138 (N.D. Cal. 2010), *vacated in part on other
    grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011) ................................... 9

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods.
    Liab. Litig.*,
    227 F. Supp. 3d 452 (D.S.C. 2017) ........................................................... 8

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ..................................................................... 5

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ............................................... 13–14

*McCoy v. Nestle United States, Inc.*,
    173 F. Supp. 3d 954 (N.D. Cal. 2016) ................................................... 11

*McCrary v. Elations Co.*,
    No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS 173591,
    2013 WL 6402217 (C.D. Cal. April 24, 2013) ..................................... 6, 7

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ..................................................................... 4

*Norcia v. Samsung Telcoms. Am. LLC*,
    No. 14-cv-00582-JD, 2015 U.S. Dist. LEXIS 110454, 2015 WL
    4967247 (N.D. Cal. Aug. 20, 2015) ....................................................... 13

*Papasan v. Allain*,
    478 U.S. 265 (1986) ................................................................................... 5

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- ii -

*Punian v. Gillette Co.*,
No. 14-CV-05028-LHK, 2015 U.S. Dist. LEXIS 111208, 2015 WL
4967535 (N.D. Cal. Aug. 20, 2015) .................................................................... 9

*Resnick v. Hyundai Motor Am. Inc.*,
No. CV 16-00593-BRO, 2017 U.S. Dist. LEXIS 67525 (C.D. Cal.
April 13, 2017) ............................................................................................. 9–10

*Sims v. Kia Motors Am., Inc.*,
No. SACV 13-1791 AG (DFMx), 2014 U.S. Dist. LEXIS 199616
(C.D. Cal. Mar. 31, 2014)............................................................................ 13–14

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection*
*HDTV TV Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) .......................................................... 14

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........................................................................... 5

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ......................................................................... 5

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ......................................................................... 6

*Stewart v. Electrolux Home Prods.*,
No. 1:17-cv-01213-LJO-SKO, 2018 U.S. Dist. LEXIS 63078, 2018
WL 1784273 (E.D. Cal. April 13, 2018)......................................................... 10

*Sud v. Costco Wholesale Corp.*,
229 F. Supp. 3d 1075 (N.D. Cal. 2017)...................................................... 12–13

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........................................................................... 6

*United States v. W. R. Grace*,
504 F.3d 745 (9th Cir. 2007) ........................................................................... 8

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) .................................................................... 9–12

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010).......................................................... 14

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- iii -

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

**Statutes**

Cal. Bus. & Prof. Code § 17500 ................................................................................. 12

**Other Authorities**

Fed.R.Civ.P. 9(b) ............................................................................................ 6, 13–14

*Journal of Exposure Science & Environmental Epidemiology*, V. 29
    (2019), *available at* https://www.nature.com/articles/s41370-018-
    0109-y ........................................................................................................... 3

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This case presents a putative class action arising from alleged omissions[1] in the advertising and packaging of dental floss products sold by The Procter & Gamble Company ("P&G") and branded as Oral-B Glide ("Glide"). *See, e.g.*, D.E. 12 (First Amend. Compl. ("FAC")) ¶ 2. Specifically, the named plaintiff and putative class representative, James Andrews ("Andrews"), alleges that P&G failed to inform consumers that Glide contains "elevated" amounts of "per- and polyfluoroalkyl substances" ("PFAS") that "may be linked to various medical ailments and adverse conditions." *Id.* Andrews avers that the purported omission renders Glide's advertising and packaging "unfair," "untrue and misleading," and even "fraudulent." *Id.* ¶¶ 55, 62 & 79. He asserts claims under California's False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and Consumer Legal Remedies Act ("CLRA").

These claims are baseless and legally deficient. The sole alleged support for Andrews's allegations is a study just published in January. That study fails to support—and often contradicts—his speculative charges. All the study did was evaluate a potential correlation between (1) the self-reported use of a limited number of consumer products by a small sample of women and (2) half a dozen PFAS compounds in these women's blood samples taken at a remote point in time. It did not test for any PFAS compound in Glide. Yet Andrews inaccurately claims that the study "presented findings" that Glide contains "elevated amounts" of PFAS. *Id.* ¶ 24. In truth, the study did not conclude or state that Glide contains any PFAS compound or that using Glide exposes users to any PFAS.

---

[1] Opposing counsel clarified during the parties' March 1, 2019 meet and confer that Plaintiff bases his claims solely on omissions.  If Plaintiff reverses course and later pursues affirmative misrepresentation claims, then P&G reserves the right to supplement this motion.

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Andrews also falsely asserts that the study "found that exposure to PFASs is associated with" certain cancers and other negative health consequences. *Id.* ¶ 25. It did not. Although the study purported to summarize in a single sentence other literature ostensibly linking certain health conditions to consumption of contaminated *drinking water*, the study presented no findings linking any disease to consumer use of Glide. These and similar misapprehensions of the study render Andrews's claims implausible.

Andrews's misinterpretations of the study also demonstrate that his false advertising claims based on omissions fail because Andrews cannot plausibly demonstrate a safety hazard associated with Glide. And relatedly, Andrews's FAL claim fails because it cannot be based solely on an omission.

Wholly apart from his misinterpretations of the study, Andrews's charges of false advertising and fraud also fall far below the heightened pleading standards governing such claims. Among other things, Andrews fails to identify, with specificity, any particular advertisement or packaging for the Court to assess his claims. Moreover, although Andrews contends that he was duped into buying Glide because of P&G's advertising, he never even bothers to detail the following basic information: (a) *when* he saw the unspecified offending advertising, (b) *where* he saw the unspecified offending advertising, (c) *how many times* he bought Glide, and (d) *how much* of any particular type of Glide product (for there are several) he purchased. By failing to allege the "who, what, when, where, and how of the alleged misconduct," Andrews has not carried his pleading burden. *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1063 (C.D. Cal. 2016) (Guilford, J.) (internal quotations and citations omitted).

In short, this lawsuit is utterly deficient as a matter of law and the Court should dismiss it.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## II.   STATEMENT OF FACTS

In his FAC, Andrews calls P&G's marketing of Glide "false[.]" D.E. 12 ¶ 1. He bases this charge on the allegation that Glide's packaging omits any disclosure that the floss contains "elevated amounts of PFASs." Despite there being multiple types of PFAS, Andrews lumps them together as "a *particular* toxin that through continuous exposure may be linked to various medical ailments and adverse conditions." *Id*. ¶ 2 (emphasis added). Andrews further asserts that Glide products contain PFAS "due to their use of *fluoride*, which *contains* polytetrafluoroethylene ('PTFE'), a *type* of PFASs." *Id.* ¶ 24. He also contends that a study "confirmed" that three different types of Glide "contained *fluorine* . . . and therefore constituted an exposure source for PFASs when used for their intended purpose as floss by migrating into saliva or onto hands." *Id.* ¶ 26. Andrews admits that he gleaned his understanding of these subjects from a solitary source, *i.e.* "Boronow et. al., Serum concentrations of PFASs and exposure-related behaviors in African American and non-Hispanic white women, *Journal of Exposure Science & Environmental Epidemiology*, V. 29 at 206–217 (2019), *available at* https://www.nature.com/articles/s41370-018-0109-y" ("Boronow Paper" or "the study").[2] *Id.* ¶ 24 n.1.

A review of this study reveals that it did **not** present any finding that Glide floss contains elevated amounts of PFAS. Indeed, the study did not even examine Glide floss for the presence of any PFAS, and only "screened . . . for the presence of *fluorine* as an *indicator of PTFE*" to provide "an *initial evaluation* of the availability of dental flosses that *may* contain PFAS compounds." Fox Decl., Exh. A at 5 (emphases added). This "rapid, low-cost chemical analysis" made it "not possible [even] to calculate absolute quantities of fluorine." *Id.*

---

[2] A copy of the Boronow Paper is attached as Exhibit A to the contemporaneously filed Declaration of Adam R. Fox ("Fox Decl.").

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

Similarly, Andrews mistakenly claims that the study "*confirmed* that . . . Glide . . . constituted an exposure source for PFASs . . . by migrating into saliva or onto hands." D.E. 12 ¶ 26. Yet the authors expressed only a "*hypothesis* that Oral-B Glide is a *potential* exposure source for PFASs," and admitted that "*additional data are required to verify*" this speculation. Fox Decl., Exh. A at 9 (emphasis added).

Apparently to demonstrate standing, Andrews alleges that he "regularly purchased Oral-B Glide every sixty (60) to ninety (90) days at Rite-Aids and Walgreens in Banning, California and Redlands, California," up to "and including, in January 2019." D.E. 12 ¶ 21. As Andrews commenced this lawsuit on January 11, 2019, D.E. 1, just three days after the Boronow Paper was published online, Fox Decl., Exh. A at 1, he must know at least the date and location of his most recent purchase. But he discloses neither. Instead, Andrews goes on to allege that if he had known that Glide contained PFAS, he would not have bought it and "would have purchased a different brand of dental floss." D.E. 12 ¶ 33. Andrews contends that P&G had "knowledge of the fact that Plaintiff and similarly situated consumers were exposed to this harmful chemical," even though Andrews's only evidence is the study, which does not present any conclusion that Glide contains PFAS or that consumers were exposed through use. *Id.* ¶ 29. This reality does not stop Andrews from accusing P&G of "a common scheme to mislead consumers" with "fraudulent" packaging. *Id.* ¶¶ 36, 55 & 79.

Based on these allegations, Andrews asserts three counts based on alleged violations of California's FAL, UCL, and CLRA. *Id.* ¶¶ 58–89. He seeks class certification and damages in excess of $5 million, among other legal and equitable relief. *Id.* ¶¶ 8, 91.

## III.   LEGAL STANDARDS

A motion to dismiss tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing Fed.R.Civ.P. 12(b)(6)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A legal theory is not cognizable simply because it is alleged; mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may therefore disregard any "legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and refuse to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Hartman v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Even if a legal theory is cognizable and a complaint contains detailed factual allegations, a plaintiff's claim still fails if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is cognizable, and therefore "plausible," only if the well-pleaded facts offer more than the mere "possibility that a defendant has acted unlawfully" or are "'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Only a genuinely plausible claim may survive a motion to dismiss and, in turn, "require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (internal quotations marks and citation omitted).

When assessing the sufficiency of a complaint, courts recognize that "a plaintiff can . . . plead himself out of a claim by including unnecessary details contrary to his claims." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). This rule is especially important in this case because the rule empowers the Court to review and consider the study on which Andrews specifically bases his claims. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (noting that when ruling on a motion to dismiss, the "Court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). The Court may reject those allegations

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

that misrepresent the study. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (rejecting "conclusory allegations . . . contradicted by documents referred to in the complaint").

Aside from these well-known principles, the Ninth Circuit has held that Fed.R.Civ.P. 9(b)'s heightened pleading applies to UCL, FAL, and CLRA claims grounded in fraud. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also, e.g.*, *Abramson*, 155 F. Supp. 3d at 1060 (Guilford, J.) (dismissing UCL, FAL, and CLRA claims for failure to plead them with sufficient particularity under Rule 9(b)). To withstand a pleading challenge, such claims must therefore provide "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). A plaintiff should also plead reliance with particularity. *See, e.g.*, *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1198 (C.D. Cal. 2008).

## IV.   ARGUMENT

### A.   Andrews's Claims Are Implausible and Contradicted by the Study Itself.

To plead a viable FAL, UCL, or CLRA advertising claim, Andrews "must plausibly allege that the claims in Defendant's marketing or advertising are false." *McCrary v. Elations Co.*, No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS 173591, *8, 2013 WL 6402217 (C.D. Cal. April 24, 2013) (citation omitted). Far from achieving this objective, the study fails to support, and rather contradicts, the FAC's central allegations. The study thus undermines his claims of "facial plausibility." *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132, at *27 (S.D. Cal. Nov. 1, 2012) (dismissing UCL and CLRA claims because the court could not accept that the studies plaintiff cited lent even "facial plausibility" to her claims that the defendant's representations at issue

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

were false or misleading); *accord McCrary*, 2013 U.S. Dist. LEXIS at *9 (dismissing false advertising claims because the studies plaintiff cited did not plausibly support a claim that defendant's advertising claims were false).

Andrews's claims are even less plausible than those dismissed in *Eckler* or *McCrary* because he goes so far as to misrepresent the study in several key respects. In particular, Andrews falsely or misleadingly asserts that the study:

1. "presented findings" that Glide "contain[s] . . . PFASs," D.E. 12 ¶ 24;
2. "confirmed that . . . Glide . . . therefore constituted an exposure source for PFASs . . . by migrating into saliva or onto hands," *id.* ¶ 26;
3. "noted that the importance of the use of accurate advertising claims would help consumers be able to avoid PTFE-based flosses." *Id.* ¶ 27.

A close review of the study confirms that these representations are misplaced.

**1. The Study Made No Finding That Glide Contains PFAS.** Far from making a finding about PFAS content, the study did not even test Glide for the presence of PFAS. The study authors explained, in unambiguous terms, that they merely "screened" Glide for "the presence of fluorine as an indicator of PTFE." Fox Decl., Exh. A at 5. The authors described this screening for fluorine, a common terrestrial element, as a "rapid, low-cost chemical analysis to aid in the interpretation of the self-reported data about flossing" that provides only "an *initial* evaluation of the availability of dental flosses that *may* contain PFAS compounds." *Id*. (emphases added).  PTFE does not demonstrate the presence of a PFAS, and PTFE is not one of the substances tested in the study.  Nothing in the study indicated that Glide contains any PFAS.

**2. The Study Did Not Confirm Glide as a PFAS Exposure Source**. Instead of confirming that Glide is an exposure source of PFAS by interacting with saliva or the hands, the authors merely asserted that the positive test results for fluorine "support[ed] our hypothesis that Oral-B Glide is a *potential* exposure source for PFASs." *Id.* at 9 (emphasis added). The study's authors went on to state that

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

"additional data are required to verify" whether Glide "*could* contribute to an individual's body burden of PFAS," such as evidence "demonstrating the potential for PFASs in floss to migrate into saliva or onto hands." *Id.* (emphasis added). Plainly, Andrews cites to no such evidence, and the study reported none.

**3. The Study Makes No Assertions About Accuracy in Advertising.** Rather than making any assertion that more accurate advertising would help consumers avoid PTFE-based flosses, the study actually suggested that current product packaging is sufficient. The study even observed that, at present, "consumers can use advertising claims to help identify" them. *Id.*

In sum, the FAC is replete with allegations that simply cannot be squared with the study upon which they are purportedly based. At most, the study identified a mere potential association between subjects who had self-reported having "never" or "ever" used Glide, and half a dozen varieties of PFAS in blood samples taken from those subjects "several years" prior. *Id.* at 4 (Table 2), 8, 10. Of course, a reported association is not the same thing as proof of causation. *See United States v. W. R. Grace*, 504 F.3d 745, 764 n.18 (9th Cir. 2007); *see also, e.g.*, *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 227 F. Supp. 3d 452, 482 (D.S.C. 2017) ("An association does not equal causation, and epidemiologists engage in a rigorous analysis of multiple factors to determine whether an association is causal."); *In re Accutane Prods. Liab.*, 511 F. Supp. 2d 1288, 1303 (M.D. Fla. 2007) ("[A]ssociation is not causation. Association is grounds for forming an hypothesis, or theory, that is subject to being proven."). Indeed, the study also reported that "[m]ore education was associated with higher PFHxS among non-Hispanic whites." Fox Decl., Exh. A at 9. But this data-point is not proof that attending college actually causes elevated serum levels of PFAS any more than it confirms causation from flossing with Glide.[3]

---

[3] Although Andrews alleges that he is under a "continuing threat" due to the alleged false advertising by P&G about Glide, the study uses the word "threat" just once, and does so in relation to drinking contaminated water. Fox Decl., Exh. A at 10.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

For all the foregoing reasons, a close examination of the study demonstrates that Andrews "has overstated the actual science." *Bererra v. Coca-Cola Co.*, No. C 17-05916 WHA, 2018 U.S. Dist. LEXIS 31870, *11, 2018 WL 1070823 (N.D. Cal. Feb. 27, 2018). Courts routinely dismiss such claims about which a close examination reveals a "mismatch between the representations at issue and the evidence that allegedly debunks them." *Eckler*, 2012 U.S. Dist. LEXIS 157132 at *28. In this case, the study disclaims any actual conclusion that Glide contains PFAS or causes exposure in users. The claims asserted by Andrews are based on correlations and untested hypotheses, are implausible, and should accordingly be dismissed.

**B.    Andrews's Claims Are Implausible Regarding P&G's Alleged Knowledge.**

To succeed on his claims, Andrews must also allege that P&G knew about the alleged PFAS levels in Glide when he purchased it. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145–47 (9th Cir. 2012) (dismissing CLRA and UCL claims because the complaint failed to support an inference that the defendant was aware of the alleged defect at time of plaintiffs' purchase); *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 U.S. Dist. LEXIS 111208, at *33, 2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) (dismissing UCL, CLRA, and FAL claims because plaintiff failed to sufficiently allege defendants' knowledge of any product defect); *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1144 (N.D. Cal. 2010) (holding that although Rule 9 "excuses a party from pleading scienter under an elevated pleading standard[,] the less rigid—though still operative—strictures of Rule 8 must be satisfied"), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011).

Conclusory allegations of knowledge are insufficient. *Gold v. Lumber Liquidators, Inc.*, No. 14-cv-05373-THE, 2015 U.S. Dist. LEXIS 165264, at *23 (N.D. Cal. Nov. 30, 2015). Similarly, Andrews may not merely allege that P&G "should have known" of a defect. *Resnick v. Hyundai Motor Am. Inc.*, No. CV 16-00593-BRO (PJWg), 2017 U.S. Dist. LEXIS 67525, at *40 (C.D. Cal. April 13,

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

2017) (rejecting plaintiff's argument that one need not plead actual knowledge, explaining that "*Wilson* . . . clearly states that *knowledge* is required to prove a claim based on a failure to disclose a defect."). "[A] plaintiff is typically required to allege *how* the defendant obtained knowledge of the specific defect *prior [to]* the plaintiff's purchase of the product." *Stewart v. Electrolux Home Prods.*, No. 1:17-cv-01213-LJO-SKO, 2018 U.S. Dist. LEXIS 63078, at *23, 2018 WL 1784273 (E.D. Cal. April 13, 2018) (citing *Wilson*, 668 F.3d at 1145–48).

Andrews falls well short of satisfying Rule 8. Below is the entirety of the FAC's insufficient allegations regarding P&G's knowledge:

- "Defendant's knowledge . . . that Plaintiff and similarly situated consumers were exposed to [PFAS] is demonstrated by the fact that Plaintiff . . . purchased the Oral-B Glide dental floss continuously prior to the published findings of the Study." D.E. 12 ¶ 29.

- "Defendant was aware that Plaintiff could not have reasonably known that the Oral-B Glide dental floss would contain elevated amounts of PFASs." *Id*. ¶ 32.

- "Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members." *Id*. ¶ 62.

- "Defendant knew that it would not provide Plaintiff and Class Members with the products as they are advertised." *Id*. ¶ 66.

- "In fact, Defendant knew that its products did contain harmful PFASs contrary to its advertisements and thus unfairly profited." *Id*. ¶ 74.

These conclusory allegations are insufficient to plead knowledge under Rule 8. Indeed, Andrews never even alleges facts explaining ***how*** or ***when*** P&G

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

purportedly found out that Glide allegedly contains PFAS.[4] Andrews's failure to allege how and when P&G allegedly knew about PFAS in Glide warrants dismissal.

### C.     Andrews's Claims Rely on an Absent Duty to Disclose.

P&G had no duty to disclose the alleged presence of PFAS in Glide. As the Ninth Circuit has recognized, "California courts have generally rejected a broad obligation to disclose[.]" *Wilson*, 668 F.3d at 1141; *McCoy v. Nestle United States, Inc.*, 173 F. Supp. 3d 954, 966 (N.D. Cal. 2016) ("A duty to disclose under California law does not extend to 'all information [that] may persuade a consumer to make different purchasing decisions.'") (citation omitted). Instead, for an omission to be actionable, it must be either (1) "contrary to a representation actually made by the defendant" or (2) "an omission of a fact the defendant was obligated to disclose." *Hodson v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (Ct. App. 2006)) (internal quotations omitted).

Andrews falls well short of meeting these standards. He never asserts that P&G's alleged omissions contradicted any affirmative representation. Therefore, he must explain how P&G was "obligated to disclose" the alleged presence of PFAS in Glide. *Id*.

Andrews fails to establish any such obligation to disclose. "To allege a duty to disclose, a plaintiff must show that the defendant (1) is in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material fact." *Browning v. Unilever United States, Inc.*, No. SACV 16-02210 AG (KESx), 2018 U.S. Dist. LEXIS 213841, *4, 2018 WL 6615064 (C.D. Cal. Dec. 10, 2018) (Guilford, J.) (citation omitted). In other

---

[4] As discussed above, Andrews has no support for the allegations that Glide contains PFAS.  Separate from his erroneous interpretation of the study, Andrews has alleged <u>nothing</u> to demonstrate P&G was aware of the alleged (but unproven) presence.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK

words, absent a fiduciary relationship between the parties, the fact that the defendant knows and conceals must be material. *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1329 (C.D. Cal. 2013) (citation omitted). "[F]or the omission to be material," it must "pose safety concerns." *Wilson*, 668 F.3d at 1142 (citations omitted). To allege a viable safety hazard claim, Andrews "must show a sufficiently close nexus between the claimed defect and the alleged safety issue." *Browning*, 2018 U.S. Dist. LEXIS 213841 at *8 (citation omitted) (Guilford, J.). "And the alleged unreasonable safety hazard must describe more than merely conjectural and hypothetical injuries." *Id*. (citation omitted).

Despite his misleading charge that he faces some "threat," *supra* note 3, Andrews fails to identify any legal duty to disclose based on a plausible allegation that Glide poses a safety hazard. Indeed, the study—the sole support for his claims—exposes most of Andrews's assertions as simply inaccurate or untrue. As noted above, the study also reported a correlation between PFAS and subjects attending college. Under Andrews's conclusory theory, he would be entitled to sue California colleges for failing to tell students that getting a degree creates a "safety issue" related to PFAS.  This absurdity demonstrates the legal deficiency of Andrews's claims, which are based on "conjectural and hypothetical injuries." *Browning*, 2018 U.S. Dist. LEXIS 213841 at *8 (citation omitted) (Guilford, J.).

**D.    Andrews's FAL Claim Fails Because It Is Based on an Omission.**

The Court should dismiss Andrews's FAL claim for the independent reason that he neglects to plead any affirmative misrepresentation. The FAL's plain language prohibits only making, disseminating, or causing the dissemination of false or misleading statements. Cal. Bus. & Prof. Code § 17500. The statute does not contemplate actionable omissions. *Id*. Many courts have, accordingly, held that plaintiffs cannot assert FAL claims based on omissions of material fact in advertisements or labels. *See, e.g.*, *Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 668 (N.D. Cal. 2016); *see also Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075,

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1090 (N.D. Cal. 2017) (dismissing FAL claim and holding that "when an FAL claim is based on pure omissions, it cannot proceed"); *Norcia v. Samsung Telcoms. Am. LLC*, No. 14-cv-00582-JD, 2015 U.S. Dist. LEXIS 110454, at *24, 2015 WL 4967247 (N.D. Cal. Aug. 20, 2015). Some other courts have recognized a narrow exception only "if the defendant actually made a statement, but omitted information that undercuts the veracity of the statement." *See Hodson v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1023 (N.D. Cal. 2016) (collecting cases).

In this case, Andrews has asserted the former type of claim, *i.e.*, that P&G violated the FAL by failing to issue any statement at all. Accordingly, the Court should dismiss that claim. *Dana*, 180 F. Supp. 3d at 668.

### E. Andrews's Claims Separately Fail to Satisfy Fed.R.Civ.P. 9(b).

Each of Andrews's claims must meet Rule 9(b)'s heightened pleading standards because they are anchored in allegations of falsity and fraud. *Kearns*, 567 F.3d at 1127. Andrews must accordingly plead the "who, what, when, where, and how of the alleged misconduct." *Abramson*, 155 F. Supp. 3d at 1063 (Guilford, J.) (internal quotations and citations omitted). Additionally, because Andrews asserts that he is pursuing claims only for alleged omissions from Glide's advertising, he "must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that [he] relied on to make [his] purchase and that failed to include the allegedly omitted information." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).

Andrews has failed to satisfy Rule 9(b) because his operative pleading neglects to identify any specific product he bought, as well as when and how often he made his purchases. His threadbare allegations leave P&G guessing as to what advertising, packaging, and products are at issue in this case. *Sims v. Kia Motors Am., Inc.*, No. SACV 13-1791 AG (DFMx), 2014 U.S. Dist. LEXIS 199616, at *14–17 (C.D. Cal. Mar. 31, 2014) (Guilford, J.) (dismissing UCL, FAL, and CLRA claims when the

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

"allegations [left] Defendants to guess which, if any, of the promotional materials Plaintiffs relied on"); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010) ("Whether governed by Rule 9(b) or Rule 8's more lax pleading standards, Plaintiffs' failure to identify specific advertisements does not provide [Defendant] with adequate notice of its alleged violations of the FAL."); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1123–24 (C.D. Cal. 2010) (allegations that plaintiff purchased product repeatedly during class period are insufficient).

Andrews also fails to describe where P&G should or could have revealed the allegedly omitted information, and instead he generally alleges only that P&G did not make the disclosure that Glide contains PFAS. D.E. 12 ¶ 30. Andrews likewise does not "provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make [his] purchase and that failed to include the allegedly omitted information." *Marolda*, 672 F. Supp. 2d at 1002. These gaps in Andrews's pleading prevent him from satisfying the heightened pleading requirements of Rule 9(b), and accordingly warrant dismissal.

## V.   CONCLUSION

For all the foregoing reasons, P&G respectfully requests that the Court dismiss the operative First Amended Complaint in its entirety.

Dated:        April 18, 2019                    Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Adam R. Fox*

Adam R. Fox
Helen H. Yang

Attorneys for Defendant
THE PROCTER & GAMBLE
COMPANY

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

THE PROCTER & GAMBLE COMPANY'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT 5:19-CV-00075-AG-SHK