1
2
3
4
5
6
7
8
9
10

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
Kelsey L. Kuberka (SBN 321619)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
kkuberka@toddflaw.com
*Attorneys for Plaintiff, JAMES ANDREWS*

11
12
13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JAMES ANDREWS, individually, and on behalf of all others similarly situated,

              Plaintiff,

     vs.

THE PROCTER & GAMBLE COMPANY, and DOES 1-10 Inclusive,

              Defendants.

Case No. 5:19-cv-00075-AG-SHK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Date: June 3, 2019
Time: 10:00 a.m.
Ctrm: 10D
Judge: Hon. Andrew J. Guilford

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.   INTRODUCTION

Defendant brings its motion as a premature motion for summary judgments, attempting to misconstrue pleading standards and asking this Court to rule on the merits and factual basis of the claims, without a reasonable opportunity for either side to conduct discovery.

Defendant's argument, in its purest form, asks the Court to weigh the evidence and find in Defendant's favor, ignoring the well-established legal standard for a motion to dismiss. The issues in this case can be condensed down to whether Defendant omitted health warnings related to its products causing harm to Plaintiff and countless consumers nationwide, and whether the omission regarding polytetrafluoroethylene ("PFAs") in Defendant's product harmed consumers.

Neither of these issues can be determined on the pleadings. Plaintiff has sufficiently alleged both of these issues in the First Amended Complaint, with the requisite level of particularity. Moreover, Plaintiff was injured by virtue of having purchased and used Defendant's products without adequate disclosure of the harmful products, and also by having purchased these harmful products based on Defendant's omissions. Plaintiff's claims should be upheld. For these reasons, as set forth herein in more detail below, Plaintiff respectfully requests the Honorable Court deny Defendant's Motion in full.

## II.   SUMMARY OF ALLEGATIONS

Plaintiff brings this putative class action on behalf of consumers harmed by Defendant's unlawful practices of omitting material facts from its advertisements. Specifically, Defendant The Procter & Gamble Company ("P&G") has omitted from the advertising and packaging of dental floss products sold by and branded as Oral-B Glide ("Glide"), that these products contain elevated amounts of "per- and polyfluoroalkyl substances" ("PFAS") that have been linked to various medical ailments and adverse conditions. (First Amend. Compl. ("FAC")) ¶¶ 2, 55, 62).

Plaintiff asserts claims under California's False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and Consumer Legal Remedies Act ("CLRA").

FIRST AMENDED CLASS ACTION COMPLAINT

1    In January, 2019, a new study was published to the public linking

2    Defendant's products to elevated amounts of PFAs, and linking PFAs to adverse

3    health conditions. Boronow et. al*., Serum concentrations of PFASs and exposure-*

4    *related behaviors in African American and non-Hispanic white women*, Journal of

5    Exposure Science & Environmental Epidemiology, V. 29 at 206–217 (2019),

6    available at https://www.nature.com/articles/s41370-018-0109-y" ("Boronow

7    Paper" or "the study"). *Id*. ¶ 24 n.1.

8    Defendant's "Glide" packaging omits any disclosure that the floss contains

9    elevated amounts of PFASs. Plaintiff, like many consumers, regularly purchased

10   Oral-B Glide in California and were subsequently harmed by Defendant's

11   omissions. (FAC ¶ 21.)

12   **III.  LEGAL STANDARD**

13   A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

14   12(b)(6) tests the legal sufficiency of the claims in the complaint. The court must

15   accept as true all material allegations in the complaint, as well as reasonable

16   inferences to be drawn from them, and must construe the complaint in the light most

17   favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484

18   (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A

19   complaint should not be dismissed unless a plaintiff could prove no set of facts in

20   support of his claim that would entitle him to relief, and amendment would be futile.

21   *Everest & Jennings, Inc. v. American Motorists Ins. Co*., 23 F.3d 226, 228 (9th

22   Cir.1994).

23   "Whether a practice is deceptive, fraudulent, or unfair is generally a

24   question of fact that is not appropriate for resolution on the pleadings." *Williams*,

25   552 F.3d at 938–39. Only in the rare case where a court can conclude as a matter

26   of law that alleged misrepresentations are not likely to deceive a reasonable

27   consumer, is it appropriate to dismiss claims under the UCL and FAL. *Jones v.

28   ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 899 (N.D. Cal. 2012). Further, Ninth

Circuit Authority mandates that if the complaint can be amended, the Court should

1   give leave to amend.

2   **IV.   THE CALIFORNIA UCL, FAL AND CLRA**

3          The goal of both California's Unfair Competition Law (UCL), and its False

4   Advertising Law (FAL) is the protection of consumers. *Anunziato v. eMachines,*

5   *Inc.*, 402 F.Supp.2d 1133 (C.D. Cal. 2005). The UCL and FAL are meant to forbid

6   not only anti-competitive practices but also right of public to protections from fraud

7   and deceit. *Jolley v. Chase Home Finance, LLC,* 213 Cal.App.4th 872 (2013).

8          Section 17500 of the FAL has been broadly construed to proscribe "not only

9   advertising which is false, but also advertising which[,] although true, is either

10  actually misleading or which has a capacity, likelihood or tendency to deceive or

11  confuse the public" *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002). To prove a

12  claim for false advertising a Plaintiff must only show that a Defendant made a

13  statement to the public, and that that statement is "likely to mislead a reasonable

14  consumer." *Nagel v. Twin Laboratories, Inc.*, 109 Cal.App.4th 39, 54 (2003). *See*

15  *also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (holding the same);

16  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d. 1152 (9th Cir. 2012) (holding that

17  whether an advertisement is "misleading" must be judged objectively by the effect

18  it would have on a reasonable consumer, which is an ordinary consumer acting

19  reasonably under the circumstances; to prevail under this standard, a plaintiff must

20  show that members of the public are likely to be deceived by the advertisement).

21         The UCL prohibits "unfair competition," which is broadly defined to include

22  three varieties of unfair competition, i.e., acts or practices that are unlawful, or

23  unfair, or fraudulent; because the statute is written in the disjunctive, it is violated

24  where a defendant's act or practice violates any of the foregoing prongs. *Davis v.*

25  *HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012).[1]

26         Likewise, the goal of the California Consumer Legal Remedies Act

27

28
_____
[1] The operative tests for these three prongs are described in greater detail below.

FIRST AMENDED CLASS ACTION COMPLAINT

1   (CLRA)[2] is the protection of consumers from unfair and deceptive business

2   practices. *Kowalsky v. Hewlett-Packard Co.*, 771 F.Supp.2d 1156 (N.D. Cal.

3   2011). The CLRA is to be "liberally construed and applied to promote its

4   underlying purposes, which are to protect consumers against unfair and deceptive

5   business practices and to provide efficient and economical procedures to secure

6   such protection." *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F.Supp.2d

7   962, 973-74 (C.D. Cal. 2014); Cal. Civ. C. § 1760; *Wang v. Massey Chevrolet*, 97

8   Cal.App.4th 856, 869 (2002). The CLRA provides for actual damages, restitution,

9   punitive damages, attorney's fees and costs. Liability pursuant to the CLRA

10   requires a determination of whether the reasonable consumer is likely to be

11   deceived, not whether any individual was actually deceived—a common issue that

12   does not require individualized inquiry. For claims under the CLRA, the

13   materiality of the deception is established if a reasonable person would attach

14   importance to the existence or nonexistence of a fact in determining his or her

15   choice of action in the transaction in question. *In re NJOY, Inc. Consumer Class*

16   *Action Litigation*, 120 F.Supp.3d 1050 (C.D. Cal. 2015).

17   Reviewing courts tend to analyze UCL, FAL and CLRA claims in tandem

18   based on whether the conduct is deceptive or misleading to a reasonable consumer.

19   *Nagel v. Twin Laboratories, Inc.*, 109 Cal.App.4th 39, 54, (2003); *Freeman v. Time,*

20   *Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017

21   (N.D. Cal. 2012). In determining whether a statement is misleading under the

22   statute, "the primary evidence in a false advertising case is the advertising itself."

23   *Brockey v. Moore,* 107 Cal.App.4th 86, 100 (2003). A "reasonable consumer,"

24   under the objective reasonable consumer standard applicable when determining

25   whether a given claim is misleading or deceptive, as would violate UCL and FAL,

26   is the ordinary consumer acting reasonably under the circumstances, and is not

27
28   [2] Section 1770(a)(4) of the CLRA bans the use of "deceptive representations...in
   connection with goods or services." Section 1770(a)(5) prohibits "[r]epresenting
   that goods or services have ... characteristics, ingredients, uses, [or]
   benefits...which they do not have."

1    versed in the art of inspecting and judging a product, in the process of its preparation

2    or manufacture. *Cardenas v. NBTY, Inc*., 870 F.Supp.2d 984 (E.D. Cal. 2012).

3         Claims under the UCL, FAL and CLRA are routinely upheld under Rule 9's

4    pleadings standard where plaintiffs allege conduct which is likely to mislead

5    members of the public. *Williams v. Gerber Products Co*., 552 F.3d 934, 938 (9th

6    Cir.2008). Furthermore, where a fraudulent omission is at issue, the requirements

7    of Rule 9(b) are relaxed, but not eliminated. *UMG Recordings, Inc. v. Glob. Eagle*

8    *Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015) (citing *Waldrup v.*

9    *Countrywide Financial Corp.*, No. 2:13–cv–08833–CAS (CWx), 2014 WL

10   3715131, at *5 (C.D.Cal. July 23, 2014); *Huntair, Inc. v. Gladstone*, 774

11   F.Supp.2d 1035, 1044 (N.D.Cal.2011) (stating that the Rule 9(b) standard is

12   somewhat relaxed when a claim rests on an alleged fraudulent omission because

13   "a plaintiff cannot plead either the specific time of [an] omission or the place, as

14   he is not alleging an act, but a failure to act"); *In re Apple & AT & TM Antitrust*

15   *Litig.*, 596 F.Supp.2d 1288, 1310 (N.D.Cal.2008) ("Where the claim is one of

16   fraud by omission ..., the pleading standard is lowered on account of the reduced

17   ability in an omission suit 'to specify the time, place, and specific content' relative

18   to a claim involving affirmative misrepresentations").

19        The determination of whether it is deceptive, fraudulent or unfair is not a

20   question appropriate for the pleadings. *Williams v. Gerber Products Co*., 552 F.3d

21   934, at 938-39. Moreover, a UCL claim based on a fraudulent practice is

22   distinguishable from common law fraud. *Morgan v. AT&T Wireless Servs. Inc*.,

23   177 Cal.App.4th 1235, 1255, (2009). "Allegations of actual deception, reasonable

24   reliance, and damage are unnecessary." *Committee On Children's Television, Inc.*

25   *v. General Foods Corp*., 35 Cal.3d 197, 211 (1983). The deception alleged under

26   the UCL need not be intended. *In re Tobacco II Cases*, 46 Cal.4th 298, (2009).

27   **V.    LEGAL ARGUMENT**

28   First and foremost, Defendant's motion is premature as Defendant fails to comply
     with Local Rule 7-3. L.R. 7-3 directs that:

1
2
3
4
5
6

> counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

7
8

> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

9 Defendant's counsel failed to conduct and certify that such meeting took place.

10 Accordingly, Defendant's motion should be denied based on its violation of L.R.

11 7-3.3 *Aguilar v. Ocwen Fin. Corp.*, No. CV-14-07675-MWF SSX, 2015 WL

12 1345279, at *2 (C.D. Cal. Mar. 24, 2015) (violation of L.R. 7-3 warranted denial

13 of motion).

14 ### a.  <u>**Plaintiff Has Pled A Valid UCL Claim**</u>

15 The UCL prohibits "unfair competition," which is broadly defined to include

16 three varieties of unfair competition, i.e., acts or practices that are unlawful, or

17 unfair, or fraudulent; because the statute is written in the disjunctive, it is violated

18 where a defendant's act or practice violates any of the foregoing prongs. *Davis v.*

19 *HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012).

20 In order to satisfy the "unfair" prong of the UCL, a consumer must simply

21 allege a violation of another law. *See Martinez v. Wells Fargo Home Mortg., Inc.*,

22 598 F.3d 549, 558 (9th Cir. 2010); *Ingels v. Westwood One Broad. Servs., Inc.*, 129

23 Cal. App. 4th 1050, 1060 (2005). Plaintiff alleges that Defendant violated the FAL

24 and CLRA by fraudulently omitting the presence of PFAs in Defendant's product.

25 Defendant attempts to confuscate the issue, arguing Plaintiff has failed to

26 plead the "who, what, when, where, and how of the alleged misconduct." (Motion,

27 p. 2:16-24.) On the contrary, the pleading standard for a claim based on omission

28 differs from pleading requirements for other cases of fraud. *UMG Recordings, Inc.*

*v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015). Contrary

FIRST AMENDED CLASS ACTION COMPLAINT

1   to Defendant's assertion, Plaintiff clearly pleads who, what, when, where, and how,

2   by alleging Defendant has omitted that it's product contains harmful PFAs, and that

3   Plaintiff purchased the products on repeated occasions.

4   **b. Plaintiff Has Pled Valid Claims Under The Fraudulent Prong Of**

5   **The UCL, And Under The FAL and CLRA**

6   A UCL claim based on a fraudulent practice is distinguishable from common

7   law fraud. *Morgan v. AT & T Wireless Servs. Inc*., 177 Cal.App.4th 1235, 1255,

8   (2009). "Allegations of actual deception, reasonable reliance, and damage are

9   unnecessary." *Committee On Children's Television, Inc. v. General Foods Corp*.,

10  35 Cal.3d 197, 211 (1983). The fraudulent practice "may be based on

11  representations to the public which are untrue, and also those which may be accurate

12  on some level, but will nonetheless tend to mislead or deceive. A perfectly true

13  statement couched in such a manner that it is likely to mislead or deceive the

14  consumer…is actionable under the UCL.'" *Klein v. Chevron U.S.A., Inc*., 202

15  Cal.App.4th 1342, 1380 (2012).

16  In an action for claims under California's FAL, and UCL, and CLRA, the

17  challenged conduct is judged by the effect it would have on a reasonable consumer.

18  *Rosado v. eBay Inc*., Case No. 5:12–CV–04005–EJD, 2014 WL 2945774

19  (N.D.Cal., June 30, 2014). Fraudulent conduct is "'governed by the reasonable

20  consumer test": a plaintiff may demonstrate a violation by "show[ing] that

21  [reasonable] members of the public are likely to be deceived.'" *Rubio v. Capital*

22  *One Bank*, 613 F.3d 1195, 1205 (9th Cir. 2010). This deception need not be intended.

23  *In re Tobacco II Cases*, 46 Cal.4th 298, (2009).

24  Likewise, the plain language of the FAL prohibits any act (or failure to act),

25  meant to "induce the public to enter into any obligation relating thereto" by any

26  scheme, statement or material omission "which is untrue or misleading, and which

27  is known, or which by the exercise of reasonable care should be known, to be

28  untrue or misleading…" Cal. Bus. And Prof. Code § 17500. "[A] plaintiff must

allege: (1) statements in the advertising are untrue or misleading; and (2)

1   defendant knew, or by the exercise of reasonable care should have known, that the

2   statements were untrue or misleading." *VP Racing Fuels, Inc. v. Gen. Petroleum*

3   *Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009).

4       The FAL's prohibition against false advertising extends to material

5   omissions as well. *In re Toyota Motor Corp. Unintended Acceleration Mktg.,*

6   *Sales Practices, & Products Liab. Litig.*, 754 F.Supp.2d 1145, 1177 (C.D. Cal.

7   2010). "Where a plaintiff alleges a misrepresentation by omission, an inference of

8   reliance on the omission is appropriate unless the defendant shows the plaintiff

9   knew or was shown the information allegedly omitted." *Pokrass v. The DirecTV*

10  *Group, Inc.*, 2008 WL 2897084 (C.D. Cal., July 14, 2008).

11      A defendant has a duty to disclose a material fact when it had exclusive

12  knowledge of such a fact that was not known by the plaintiff.[3] *Mui Ho v. Toyota*

13  *Motor Corp.*, 931 F.Supp.2d 987, 996 (N.D. Cal. 2013) (citing *LiMandri v.*

14  *Judkins*, 52 Cal.App.4th 326, 336–37 (1997)). "A fact is material, rendering a

15  defendant potentially obligated to disclose it, if a 'reasonable consumer would

16  deem it important in determining how to act in the transaction at issue.'" *Id.*

17  (quoting *Collins v. eMachines, Inc.*, 202 Cal.App.4th 249, 255, (2011)).

18      Plaintiff asserts that Defendant engaged in fraudulent conduct by failing to

19  disclose the presence of harmful chemical compounds, and that Defendant made

20  material misrepresentations that had a tendency to mislead a reasonable consumer

21  into believing its products would not contain such harmful chemicals.

22              **c.  Plaintiff Has Pled Valid Claims For Fraudulent Omission**

23      Most people will agree that it is common to see warnings on harmful

24  products, and by omitting such warnings, a reasonable consumer may rely on the

25  belief that no such harmful qualities are known or discovered. Defendant never

26  disclosed to its customers, and has still refused to release such warnings of the

27

28

---

[3] Defendant attempts to argue it had no knowledge of the presence of PFAs in its product, which is either entirely disingenuous or Defendant is, with extreme reckless disregard for the safety of consumers purchasing mystery chemicals to add to its products. (Motion, pp. 9:10-11:2.) To argue Defendant did not know of the presence of PFAs in its products is absurd.

FIRST AMENDED CLASS ACTION COMPLAINT

1    harmful effects of PFAs contained in its products. Plaintiff alleges in great detail
2    how the new study sheds light on the existence of such harmful compounds found
3    in Defendant's product. And Defendant didn't tell Plaintiff, no consumers of the
4    presence of these PFAs.

5         Defendant had a duty to tell its customers that its products contain these
6    harmful compounds because only Defendant had knowledge that this was even
7    present. *Mui Ho v. Toyota Motor Corp.*, 931 F.Supp.2d 987, 996 (N.D. Cal. 2013)
8    (citing *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336–37, (1997)). This
9    information would clearly have been deemed "important in determining how to
10   act in the transaction at issue," i.e. whether to buy Defendant's products. *Id.*
11   (quoting *Collins v. eMachines, Inc.*, 202 Cal.App.4th 249, 255, (2011)). Moreover,
12   Plaintiff has pled this issue with particularity, going to painstaking lengths to make
13   it abundantly clear using facts of his experiences, and allegations about common
14   sense principles, to describe the basis for these allegations and why this
15   information needed to be disclosed at the point of sale. Plaintiff has alleged a
16   fraudulent omission claim under the UCL, CLRA and FAL with particularity, and
17   his claim should be upheld.

18   **VI.    <u>CONCLUSION</u>**

19        For the foregoing reasons, Plaintiff respectfully requests the Court deny
20   Defendant's motion in its entirety. Should the Court grant Defendant's Motion, in
21   whole or in part, Plaintiff respectfully requests leave to amend the complaint.

22

23   Dated: May 13, 2019            Respectfully submitted,

24
                                    LAW OFFICES OF TODD M. FRIEDMAN , PC
25

26
                                    By: /s/Todd M. Friedman
27                                      TODD M. FRIEDMAN, ESQ.
28                                      Attorney for Plaintiff JAMES ANDREWS

FIRST AMENDED CLASS ACTION COMPLAINT

1   Filed electronically on this 13th Day of May, 2019, with:

2   United States District Court CM/ECF system.

3   Notification sent electronically on this 13th Day of May, 2019, to:

4
    Honorable Andrew J. Guilford
5   United States District Court
    Central District of California
6
7   And All Counsel of Record as Recorded On The Electronic Service List

8

9

10  /s/ Todd M. Friedman, Esq.
    TODD M. FRIEDMAN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT