UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | EDCV 19-00075 AG (SHKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | JAMES ANDREWS V. THE PROCTER & GAMBLE COMPANY | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO DISMISS**

Plaintiff James Andrews, on behalf of himself and others similarly situated, filed this putative class action against Defendant the Procter & Gamble Company, alleging that Defendant failed to inform consumers that its dental floss products contain elevated amounts of "per- and polyfluoroalkyl substance" ("PFASs")—a chemical substance that "may be linked to various medical ailments and adverse conditions." (First Amended Compl. ("FAC"), Dkt. No. 12 at ¶ 2.) Plaintiff purports to assert the following claims: (1) violation of California's False Advertising Law ("FLA"); (2) violation of California's Unfair Competition Law ("UCL"); and (3) violation of California's Consumer Legal Remedies Act ("CLRA"). Defendant now moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot., Dkt. No. 13.)

The Court GRANTS Defendant's motion with leave to amend. An amended complaint may be filed **within 21 days** of this order.

# 1. LOCAL RULE COMPLIANCE

Plaintiff contends that "Defendant fail[ed] to comply with Local Rule 7-3" and that Defendant's motion should be denied for this reason alone. (Opp'n, Dkt. No. 15 at 5-6.) This seems unlikely since Defendant's motion twice states the parties met and conferred regarding Defendant's motion. (*See, e.g.*, Mot. at 1, n.1.) Nonetheless, in the interest of justice, the Court considers Defendant's motion on its merits. Moving forward, the Court expects the parties to comply with the spirit and letter of this Court's Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | EDCV 19-00075 AG (SHKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | JAMES ANDREWS V. THE PROCTER & GAMBLE COMPANY | | |

## 2. BRIEF BACKGROUND

The following facts are taken from Plaintiff's FAC and, for purposes of this motion, the Court assumes they're true.

Defendant sells dental floss products, including one product branded as Oral-B Glide. (Compl. at ¶ 2.) Plaintiff is a consumer who "frequently purchased dental floss, specifically [Defendant's] Oral-B Glide product". (*Id.* at ¶ 20.)

Plaintiff claims that Defendant omitted from its advertisements and packaging that "its dental floss products" contain "elevated amounts of PFAS[s]", a substance Plaintiff says "may be linked to various medical ailments and adverse conditions." (*Id.* at ¶ 2; *see also id.* at ¶ 5 (noting that PFASs "can cause harmful effects to the human body").) Plaintiff alleges that, had Plaintiff known Defendant's Oral-B- Glide dental floss included elevated amounts of PFASs, Plaintiff wouldn't have purchased the product. (*Id.* at ¶¶ 6, 33.)

According to Plaintiff, a January 2019 study published in the Journal of Exposure Science and Environmental Epidemiology (the "PFASs Study") concluded that "products such as Defendant's Oral-B Glide dental floss contain elevated amounts of PFASs due to their use of fluoride, which contains polytetrafluoroethylene ('PTFE'), a type of PFASs." (*Id.* at ¶ 24.) Plaintiff says the PFASs Study also "notes the long history of [other] studies that found that exposure to PFASs is associated with kidney and testicular cancer, decreased semen quality, and ulcerative colitis in adults", among other things. (*Id.* at ¶ 25.) Further, Plaintiff claims that the PFASs Study "confirmed that all three [of Defendant's] Oral-B Glide dental flosses" were "an exposure source for PFSAs when used for their intended purpose . . . by migrating into saliva or onto hands." (*Id.* at ¶ 27.)

Based on these and other facts, Plaintiff filed this lawsuit, asserting claims for (1) violation of California's FAL; (2) violation of California's UCL; and (3) violation of California's CLRA. Defendant now moves to dismiss Plaintiff's claims under Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 19-00075 AG (SHKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | JAMES ANDREWS V. THE PROCTER & GAMBLE COMPANY | | |

### 3. LEGAL STANDARD

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim to relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept [ ] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Fraud claims require more. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Stated differently, a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

If the court dismisses a complaint, it must also decide whether to grant leave to file an amended pleading. "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . .'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### 4. ANALYSIS

First, a couple of preliminary points. In his opposition, Plaintiff accuses Defendant of improperly raising summary judgment type arguments that "ask[ ] the Court to weigh the evidence and find in Defendant's favor". (*See* Opp'n at 1.) The thrust of Plaintiff's accusation is that Defendant shouldn't be able to challenge the sufficiency of Plaintiff's allegations by relying on the PFASs Study since that study wasn't submitted with Plaintiff's FAC. (*Id.*) But Plaintiff is mistaken. When deciding Rule 12(b)(6) motions to dismiss, courts can consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 19-00075 AG (SHKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | JAMES ANDREWS V. THE PROCTER & GAMBLE COMPANY | | |

documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). This is known as the doctrine of incorporation by reference. (*Id.*)

Here, under the doctrine of incorporation by reference, the PFASs Study is incorporated into Plaintiff's FAC, and thus can be appropriately considered at the 12(b)(6) stage. Plaintiff repeatedly cites to the study throughout its FAC. (*See, e.g.*, FAC at ¶¶ 24-29.) Plaintiff even provides a link to access the study in a footnote in the FAC. (*Id.* at pp. 5, n.1.) And because Plaintiff grounds all three of his claims on the study's purported findings regarding PFASs in Defendant's Oral-B Glide dental floss, it can't be said that Plaintiff questions the study's authenticity. So the Court rejects Plaintiff's argument that Defendant is improperly treating its motion to dismiss as a motion for summary judgment.

Plaintiff also argues that the particularity requirement of Rule 9(b) should be "relaxed" here since Plaintiff's false advertising claims are based on fraudulent omissions instead of affirmative misrepresentations. (*See* Opp'n at 5.) Plaintiff cites no controlling authority for this argument. But even if a relaxed standard applied, Rule 9(b) still requires that Plaintiff's claims be pled with more detail than what Plaintiff provides here. So it's a moot point for now.

The Court moves on to the merits. Defendant attacks Plaintiff's three claims by arguing that Plaintiff fails to adequately allege Defendant's Oral-B Glide dental floss contains elevated amounts of PFASs. (*See* Mot. at 6.) According to Defendant, this is an issue because it also means Plaintiff fails to adequately allege Defendant's advertising and packaging materials were false or misleading. *See Fraker v. Bayer Corp.*, No. CV F 08-1564 AWI GSA, 2009 WL 5865687, at *8 (explaining that false advertising claims under the FAL, CLRA, and UCL require the plaintiff to "plead[ ] facts to support an allegation that [the] [d]efendant's advertising claims are *false* or *misleading*."); *see also McCrary v. Elations Co., LLC*, No. EDCV 13-0242 JGB (OPx), 2013 WL 6402217, at *3 (C.D. Cal. April 24, 2013) (same)

The Court agrees. Plaintiff's sole authority for its allegation that "Oral-B Glide dental floss contain[s] . . . elevated amounts of PFASs" is the PFASs Study. (*See* Compl. at ¶ 28.) But the PFASs Study doesn't adequately support this allegation. Rather, the PFASs Study "hypothes[ized]" that Defendant's Oral-B Glide might be "a *potential* exposure source for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | EDCV 19-00075 AG (SHKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | JAMES ANDREWS V. THE PROCTER & GAMBLE COMPANY | | |

PFASs." (Decl. of Adam R. Fox ("Fox Decl."), Dkt. No. 13-1 at 12 (emphasis added).) And that hypothesis was based on screening Defendant's dental floss for fluorine, which indicates that PFASs *might* be present. (*Id.* at 5.) Indeed, the floss was never tested for PFASs. (*Id.*) And because the floss was never tested for PFASs, the PFASs Study concluded that "additional data" was needed to verify whether Defendant's Oral-B Glide "could contribute to an individual's body burden of PFAS[s]," including evidence showing PFASs in floss can migrate into the saliva or onto hands. (*Id.*)

But that's not how Plaintiff presents the PFASs Study in the FAC. To the contrary, Plaintiff alleges with total certainty that "consumers [who] utilize . . . Oral-B Glide dental floss *will* be exposed to elevated amounts of PFASs." (FAC at ¶ 30 (emphasis added); *see also id.* at ¶ 28.) Plaintiff also alleges the PFASs Study "confirmed that all three Oral-B Glide dental flosses that contained fluorine . . . constituted an exposure source for PFASs when used for their intended purpose as floss by migrating into saliva or onto hands." (*Id.* at ¶ 26.) Since these allegations clearly overstate the findings of the PFASs Study, Plaintiff fails to adequately allege Defendant's Oral B-Glide contains elevated amounts of PFASs, causing Plaintiff's FAL, CLRA, and UCL claims to fail under Rule 9(b) and Rule 12(b)(6). *See McCrary*, 2013 WL 6402217, at *8 (dismissing Plaintiff's false advertising claims because the studies cited to support those claims failed to adequately allege Defendant's advertisements were false); *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 WL 538 2218, at *7 (S.D. Cal. Nov. 1, 2012) (same).

The Court therefore GRANTS Defendant's motion.

### 5. LEAVE TO AMEND

Since Plaintiff could allege additional facts to cure the deficiencies set out in this order, leave to amend is appropriate. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009); *see also Telesaurus VPC, LLC*, 623 F.3d at 1003. But if Plaintiff chooses to amend, the Court cautions him to abide by his obligations under Federal Rule of Civil Procedure 11 when alleging the factual basis for the purported fraudulent omissions that occurred here.

The Court therefore GRANTS leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 19-00075 AG (SHKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | JAMES ANDREWS V. THE PROCTER & GAMBLE COMPANY | | |

## 6. DISPOSITION

The Court GRANTS Defendant's motion to dismiss with leave to amend. An amended complaint may be filed **within 21 days** of this order.